AO88 (Rev. 1/94) Subpoena in a Civil Case


DISTRICT COURT OF GUAM
JUN -6 2006
MARY L.M. MORAN
CLERK OF COURT

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF GUAM

MC- 06-00016

JOHNNY L. BRADLEY, ET AL.,

v.

COOPER TIRE & RUBBER CO., ET AL.

**SUBPOENA IN A CIVIL CASE**

TO: Navy Exchange Auto Port, Guam
U. S. Naval Forces, Marianas
PSC 455, Box 178, Building #258
FPO AP 96540-1000

Case Number: 4:03CV94LN
Pending in the U.S.D.C. for the Southern
District of Mississippi, Eastern Division

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: Mair, Mair, Spade & Thompson, 238 A.F.C Flores Street, Suite 801, Pacific News Building, Hagatna, Guam 96910 | DATE AND TIME June 20, 2006 at 9:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects).

**See Deposition Notice attached.**

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 5/22/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard H. Monk III, Bradley Arant Rose & White LLP, 1819 5th Avenue North, Birmingham, AL 35203 (205) 521-8516

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | *Navy Exchange Auto Port* Hand-Delivered |

SERVED ON (PRINT NAME)  MANNER OF SERVICE

*Frank Mesr*  *Auto Service Mgr.*

SERVED BY (PRINT NAME)  TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  6/2/06
DATE

SIGNATURE OF SERVER

*nas 2781*

ADDRESS OF SERVER

*Hagatna Gu 96932*

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNY L. BRADLEY, Individually )
and on behalf of the Wrongful Death )
Beneficiaries of TIMICA M. BRADLEY, )
Deceased, And DEANTE BRADLEY, a )
Minor, by and through His Next Friend and )
Natural Father, JOHNNY L. BRADLEY, )
 )
      Plaintiff, )
 ) CIVIL ACTION NUMBER: 4:03CV94LN
v. )
 )
COOPER TIRE & RUBBER COMPANY, )
FORD MOTOR COMPANY, et al., )
 )
      Defendants. )

## NOTICE TO TAKE RULE 30(b)(6) DEPOSITION
## AND RULE 30(b)(5) REQUEST FOR PRODUCTION

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendants Cooper Tire & Rubber Company ("Cooper Tire") will take the deposition of the representative(s) of the **Navy Exchange Auto Port**, for the purpose of discovery or for use as evidence in this action, or for both purposes, in accordance with the provisions of the Federal Rules of Civil Procedure. The deposition will be taken on **Tuesday, June 20, 2006 at 9:00 a.m.** at Mair, Mair, Spade & Thompson, 238 A.F.C. Flores Street, Suite 801, Pacific News Building, Hagatna, Guam 96910, before a notary public and court reporter or other authorized and qualified person. The deposition will be videotaped. The deposition will continue from time to time until completed.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, said representative(s) will be examined regarding all matters relating to the following:

1. All testing, evaluation, estimates, inspection, service or other work performed by the Navy Exchange Auto Port at any time on a 1996 Ford Explorer, VIN 1FMDU34X8TUA32623, owned by Johnny L. Bradley (SSN: 4258-58-7863; DOB: May 11, 1974) or Timica M. Bradley (SSN: 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; DOB: May 6, 1974), its wheels or its tires, including the identity of all persons who participated in any such work.

2. All communications between any representative of the Navy Exchange Auto Port and (a) Johnny L. Bradley or Timica M. Bradley for any reason or (b) with anyone regarding the 1996 Ford Explorer, VIN 1FMDU34X8TUA32623, its wheels or its tires.

3. The sale of tires or wheels to Timica Bradley or Johnny Bradley by the Navy Exchange Auto Port, including the sale of Cooper tires in approximately 2001, and the mounting of all tires on their vehicle.

4. The identity of all persons who sold tires or wheels to Timica Bradley or Johnny Bradley and the identity of the persons who mounted tires on their vehicle.

Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, the deponent shall produce for inspection and photocopying at the deposition the following documents and items:

1. Any and all records of testing, evaluation, inspection, service or other work performed at the Navy Exchange Auto Port at any time on a 1996 Ford Explorer, VIN 1FMDU34X8TUA32623, owned by Johnny L. Bradley or Timica M. Bradley, its wheels or its tires, including estimates and payment information.

2. Any and all correspondence and documents reflecting contact or communications between any representative of the Navy Exchange Auto Port and (a) Johnny L. Bradley or

Timica M. Bradley for any reason or (b) with anyone regarding the 1996 Ford Explorer, VIN 1FMDU34X8TUA32623, its wheels or its tires.

3. Any and all statements that the employees or representatives of the Navy Exchange Auto Port have given regarding the 1996 Ford Explorer, VIN 1FMDU34X8TUA32623, its wheels or its tires, or regarding Johnny L. Bradley or Timica M. Bradley.

4. All documents reflecting the sale of tires or wheels to Timica Bradley or Johnny Bradley by the Navy Exchange Auto Port, including the sale of Cooper tires in approximately 2001.

5. All documents reflecting the mounting of any tires or wheels on the Explorer owned by Timica Bradley or Johnny Bradley.

6. All documents reflecting the identity of anyone who sold tires or wheels to Timica Bradley or Johnny Bradley, or who performed work on the 1996 Ford Explorer, VIN 1FMDU34X8TUA32623, its wheels or tires.

                                                              s/ Richard H. Monk III
                                                                     Attorney for
                                                          Cooper Tire & Rubber Company

OF COUNSEL

Roy D. Campbell, III Esq.
Amanda K. Jones, Esq.
Bradley Arant Rose & White LLP
188 E. Capitol Street, Suite 450
Jackson, MS 39201
(601) 948-3000

Justin T. McDonald
Richard H. Monk III
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John L. Davison, Esq.
Frazer Davidson, P.A.
500 E. Capitol Street
Jackson, MS 39201

Bradley W. Smith, Esq.
Baker, Donelson, Bearman & Caldwell
4268 I-55 North
Jackson, MS 39211

Bruce R. Kaster, Esq.
125 NE 1st Avenue, Suite 3
Ocala, FL 34470

Paul Byrd, Esq.
Byrd Law Firm
323 Center Street, Ste. 1300
Little Rock, AR 72201

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Jerry Kelly, Esq.
> Kelly Law Firm
> 118 N. Center Street
> Lonoke, AR 72201
>
> Skip E. Lynch Esq.
> 125 N. E. First Avenue #3
> Ocala, FL 34470

Gregory L. Schuck Esq.
Huie Fernambucq
Three Protective Center
2801 Highway 280 South Suite 200
Birmingham, AL 35223-2484

        Respectfully submitted,

        s/ Richard H. Monk III
        Richard H. Monk III
        Bradley Arant Rose & White LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203-2104
        Telephone: (205) 521-8000
        Facsimile: (205) 521-8800
        E-mail: rmonk@bradleyarant.com